# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HANSEN, | Case No. 1:15-cv-01665 DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| Nkwocha, | |
| Defendant. | |

Plaintiff Steven Hansen ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 2, 2015. He names California Correctional Institution ("CCI") Custody Officer Philip Nkwocha as the sole Defendant.[1]

A.  **SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 16, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT[2]**

Plaintiff is a White male currently incarcerated at CCI, where the events at issue occurred.

Plaintiff alleges that on October 9, 2015, Defendant, who is African-American, gave a "discriminatory" verbal order to stop talking to an African-American prisoner with whom Plaintiff had been talking and associating with.  Defendant placed his hand on his pepper spray canister and threatened to "tear up" Plaintiff's cell if he did not stop and lock up into his cell.  Plaintiff alleges

---

[2] Plaintiff admits that he did not exhaust his claims, believing it to be futile.  Failure to exhaust, however, is an affirmative defense. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2013).

2

that Defendant compelled him to "cease [his] free association (talking) with another black prisoner" and become locked in his cell absent cause. ECF No. 1, at 5.

Plaintiff believed that Defendant's verbal threat meant that he would destroy his personal property items, as Defendant had done before to other prisoners.

Defendant did not issue Plaintiff any type of Rules Violation Report.

Plaintiff believes that Defendant's actions were based on the ethnicities of himself and the other inmate.

Plaintiff explains that in the weeks leading up to the incident, Plaintiff often complained about Defendant's actions to his supervisors, including his threating inmates with pepper spray without cause. Plaintiff alleges that Defendant had a reputation for using his authority to compel submission by inmates and retaliate against them if they complained. He believes that Defendant knew that he was complaining about him to his supervisors and began retaliating against him to make an "example" of him. ECF No. 1, at 7.

Plaintiff contends that Defendant's pattern of abusiveness was meant to chill inmates' reporting of his misconduct, and to deter Plaintiff from acting in his Inmate Advisory Council role to report Defendant's conduct to his supervisors.

Plaintiff alleges that just prior to the event at issue, Defendant had repeated a series of unjustified commands to Plaintiff.

Based on these facts, Plaintiff alleges (1) retaliation in violation of the First Amendment; (2) denial of freedom of speech/association, in violation of the First Amendment; (3) violation of the Due Process Clause; (4) violation of California Civil Code sections 51(b), 51(e) and 52.1.

**C.     DISCUSSION**

1.     First Amendment- Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of

3

First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendant retaliated against him because of his prior complaints. However, Plaintiff's allegations are based only on his speculation. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Plaintiff does not allege any facts demonstrating that Defendant knew about his prior complaints, or that his actions were in any way connected to the prior complaints. "Mere speculation that defendants acted out of retaliation is not sufficient." Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In fact, Plaintiff states elsewhere that he believes that Defendant's actions were based on ethnicity.

Plaintiff therefore fails to state a retaliation claim.

2.      First Amendment- Freedom of Association

"An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S. 126, 131, 123 S.Ct. 2162, 2167 (2003). Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." Id.

The Constitution protects the right to associate in two distinct senses: (1) intimate association, i.e., the right to maintain private relationships free of state intrusion, and (2) expressive association, e.g., "the right to associate for the purpose of engaging in those activities protected by the First Amendment- speech, assembly, petition for the redress of grievances, and the exercise of religion." Phillips v. Bramucci, 2015 WL 4452142, at *6 (N.D.Cal. 2015) (citing Roberts v. U.S. Jaycees, 468 U.S. 609, 618 (1984).

///

4

Here, Plaintiff alleges that Defendant violated his right to freedom of association when he ordered Plaintiff to stop talking to another inmate while he was conducting a "normal/routine tournament sign-up activity." ECF No. 1, at 5. Given that the freedom of association is among the least compatible with incarceration, the Court will not find that the Constitution protects Plaintiff's right to associate in this instance.

Plaintiff therefore fails to state a claim for violation of his right to associate.

3.  First Amendment- Freedom of Speech

The free speech standard is diminished in prisons, as compared to the nation at large, because it must yield to the need for creating a climate of consistency and control. Shaw v. Murphy, 532 U.S. 223, 229 (2001). Thus, "an inmate retains those First Amendment rights not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir.2001) (quoting Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977)) (internal quotation marks omitted). The question is whether officials' disciplinary decisions were commiserate with their authority to control the prison climate.

Plaintiff's denial of free speech claim is based on his allegation that Defendant ordered him to stop talking to another inmate. Other than Plaintiff's speculative beliefs, however, there is nothing to suggest that this order was not within Defendant's authority to control the prison climate. Plaintiff suggests that Defendant's order was based on ethnicity, but there are valid reasons speech between races may be curtailed in the prison setting. Plaintiff concludes that because he did not receive a Rules Violation Report, the basis must be illegal. However, this is not necessarily the case.

Accordingly, Plaintiff fails to state a claim for violation of his right to free speech.

4.  Due Process Clause

The substantive component of the Due Process Clause of the Fourteenth Amendment, which protects prisoners from being deprived of life, liberty, or property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and "cover[s] a substantive sphere as well, 'barring certain government actions regardless of the fairness of the procedures used to implement

them.'" County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). "'The touchstone of due process is protection of the individual against arbitrary action of government.'" Id. at 845 (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). "[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." Id. at 847 (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)). "[T]he due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Id. at 848. "[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Id. at 849.

The exact nature of Plaintiff's due process claim is unclear, but he suggests that he had a liberty interest in not being confined to his cell, especially since he was an elective member of the IAC conducting a "normal/routine tournament sign-up activity." ECF No. 1, at 5. However, Plaintiff is incarcerated and an order to return to his cell, even if not justified, cannot be characterized as conscience shocking behavior.

Plaintiff therefore fails to state a claim under the Due Process Clause.

5.   State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

a. *Bane Act*

California Civil Code. § 52.1, the Bane Act, creates a damages action for any individual whose federal or state constitutional rights have "been interfered with or attempted to be interfered with" "by threat, intimidation, or coercion." Cal. Civ.Code. § 52.1(a)-(b). "[L]iability under § 52.1 can be based on the same facts as an underlying constitutional violation." Rodriguez v. Cnty. of Los Angeles, 2014 WL 8390755, at *3 (C.D.Cal. 2014) (citing Chaudry v. City of Los Angeles, 751 F.3d 1096, 1106 (9th Cir.2014). A claim under section 52.1 has four elements: (1) defendant must have interfered or attempted to interfere with the plaintiff's constitutional right by threatening or committing violent acts; (2) plaintiff must have reasonably believed that the defendant injured plaintiff or his property to prevent him from exercising his right or in retaliation for exercising his right; (3) plaintiff suffered harm; and (4) defendant's conduct was a substantial factor in causing the plaintiff's harm. McCue v. S. Fork Union Elementary Sch., 766 F .Supp.2d 1003, 1010 (E.D.Cal.2011); McMillan, 2014 WL 7335318, at *14.

Plaintiff alleges that Defendant violated the Bane Act when he used threats and/or intimidation to (1) force Plaintiff to cease talking and associating with another inmate; and (2) confine Plaintiff to his cell. Plaintiff's claim related to talking and/or associating may state a claim under the Bane Act, but without a federal claim, the Court will not exercise jurisdiction over a state law claim. "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

b. *Unruh Civil Rights Act*

California's Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51. Plaintiff has cited no authority for the proposition that a prison

7

is a business establishment, and numerous district courts have concluded that a prison does not qualify as a business entity under section 51, and is therefore not subject to suit under section 51. See Taormina v. California Dept. of Corrs., 946 F.Supp. 829, 834 (S.D. Cal. 1996); Huffman v. Parmo, 2013 WL 3795618, at *11 (S.D.Cal.2013); Rocha v. Cnty. of Tulare, 2013 WL 4046373, at *9–10 (E.D.Cal.2013).

Plaintiff therefore fails to state a claim under the Unruh Act.

**D.    CONCLUSION AND ORDER**

Plaintiff fails to state any cognizable claims.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **February 9, 2016**                         /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE