1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEVEN HANSEN,                                    Case No. 1:15-cv-01665 DLB

        Plaintiff,                          ORDER FINDING COGNIZABLE
                                                  CLAIM AND DISMISSING
        v.                                 REMAINING CLAIMS

NKWOCHA,

        Defendant.
_____/

     Plaintiff Steven Hansen ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 2, 2015.

     On February 10, 2016, the Court screened his complaint and dismissed it with leave to amend.  Plaintiff filed his First Amended Complaint on February 29, 2016.  He names California Correctional Institution ("CCI") Custody Officer Philip Nkwocha as the sole Defendant.[1]

**A.**    **SCREENING STANDARD**

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 16, 2015.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**    **ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at CCI, where the events at issue occurred.

Plaintiff alleges that he is a white "MAC REP." ECF No. 7, at 3. While conducting state authorized tournaments in his housing unit, Defendant observed him speaking to a black prisoner. Plaintiff was called to the office, where Defendant began yelling at him, saying that he had no business talking to a black inmate because Plaintiff was white. Defendant ordered Plaintiff to

2

1  return to his cell, or he would "tear up [his] cell," while threateningly holding his can of pepper

2  spray.  ECF No. 7, at 3.

3        Plaintiff contends that Defendant's partner, Correctional Officer Nelson, attempted to

4  reason with Defendant.  It failed, however, and Nelson told Plaintiff, "give him a wake-up call…I

5  give up trying to talk to him."  ECF No. 7, at 4.

6        When Plaintiff filed his appeal, Defendant refused to process it.  Then, when Defendant

7  became aware of the appeal, he tried to intimidate Plaintiff into dropping the appeal by telling

8  Plaintiff that the appeal "will never go anywhere because he's a correctional officer," that no one

9  will believe Plaintiff because he's an inmate, and that it will only cause Plaintiff problems.  ECF

10  No. 7, at 4.  Defendant also told Plaintiff that he would see to it that Plaintiff was removed from

11  MAC status, "which has happened."  ECF No. 7, at 4.

12        Based on these allegations, Plaintiff alleges a denial of his right to associate and retaliation

13  in violation of the First Amendment, and a violation of due process.

14  **C.**     **<u>DISCUSSION</u>**

15       1.     <u>First Amendment- Freedom of Association</u>

16        "An inmate does not retain rights inconsistent with proper incarceration," and "freedom of

17  association is among the rights least compatible with incarceration."  <u>Overton v. Bazzetta</u>, 539

18  U.S. 126, 131, 123 S.Ct. 2162, 2167 (2003).  Accordingly, "[s]ome curtailment of that freedom

19  must be expected in the prison context."  <u>Id</u>.

20        The Constitution protects the right to associate in two distinct senses: (1) intimate

21  association, i.e., the right to maintain private relationships free of state intrusion, and (2)

22  expressive association, e.g., "the right to associate for the purpose of engaging in those activities

23  protected by the First Amendment- speech, assembly, petition for the redress of grievances, and

24  the exercise of religion."  <u>Phillips v. Bramucci</u>, 2015 WL 4452142, at *6 (N.D.Cal. 2015) (citing

25  <u>Roberts v. U.S. Jaycees</u>, 468 U.S. 609, 618 (1984).

26        Here, Plaintiff alleges that Defendant violated his right to freedom of association when he

27  ordered Plaintiff to stop talking to another inmate while conducting "state authorized

28  tournaments."  ECF No. 7, at 3.  Given that the freedom of association is among the least

1    compatible with incarceration, the Court will not find that the Constitution protects Plaintiff's

2    right to associate in this instance.  See Blaisdell v. Frappiea, 729 F.3d 1237 (9th Cir. 2013).

3          Plaintiff therefore fails to state a claim for violation of his right to associate.  This claim

4    cannot be cured by amendment.

5          2.    First Amendment- Retaliation

6          Allegations of retaliation against a prisoner's First Amendment rights to speech or to

7    petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090,

8    1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham

9    v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

10   "Within the prison context, a viable claim of First Amendment retaliation entails five basic

11   elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

12   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

13   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

14   correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v.

15   Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d

16   1262, 1269 (9th Cir. 2009).

17         Plaintiff alleges that Defendant retaliated against him because of his appeal.  At this stage,

18   the allegations are sufficient to state a claim under the First Amendment for retaliation.[2]

19         To the extent Plaintiff alleges that Defendant retaliated against him for talking to another

20   inmate by threatening him with pepper spray, he does not state a claim.  As explained above,

21   Plaintiff's interaction with the other inmate is not protected First Amendment conduct.

22         3.    Due Process Clause

23         "The Fourteenth Amendment's Due Process Clause protects persons against deprivations

24   of life, liberty, or property; and those who seek to invoke its procedural protection must establish

25   that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384

26   (2005).

27   ///

28
_____
[2] Plaintiff will be instructed on service by separate order.

4

1    Plaintiff does not a have protected liberty interest in the processing his appeals, and

2 therefore he cannot pursue a claim for denial of due process with respect to the handling or

3 resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.

4 Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

5    Plaintiff fails to state a claim against Defendant for refusing to process his appeal.  This

6 claim cannot be cured by amendment.

7 **D.    CONCLUSION AND ORDER**

8    Plaintiff states a claim for retaliation under the First Amendment and this action SHALL

9 PROCEED on this basis.  He does not state any other cognizable claims, and the remaining claims

10 are therefore DISMISSED from this action.

11

12 IT IS SO ORDERED.

13    Dated:   **May 17, 2016**                          **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5