UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HANSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>P. NKWOCHA,<br><br>    Defendant. | 1:15-cv-01665-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME**<br><br>**(ECF No. 23.)**<br><br>**THIRTY-DAY DEADLINE TO FILE OBJECTIONS** |

    Steven Hansen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 2, 2015. (ECF No. 1.) This case now proceeds with Plaintiff's First Amended Complaint filed on February 29, 2016, against sole defendant Custody Officer Philip Nkwocha ("Defendant"), on Plaintiff's retaliation claim under the First Amendment. (ECF No. 7.)

    On May 12, 2017, Plaintiff filed a motion for appointment of counsel and a motion for extension of time. (ECF No. 23.)

## I. APPOINTMENT OF COUNSEL

Plaintiff requests court-appointed counsel to assist him with this litigation. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. On April 25, 2017, the court entered findings and recommendations, recommending that summary judgment be granted against Plaintiff in this case on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 22.) Based on the findings and recommendations, the court has determined that Plaintiff is unlikely to succeed on the merits. Moreover, a review of the record shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims pro se. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

## II. EXTENSION OF TIME

Plaintiff requests a ninety-day extension of time to file objections to the court's findings and recommendations, asserting that the mail is slow and does not allow him enough time to respond. The court finds good cause to grant Plaintiff a thirty-day extension of time to file objections.

///

///

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and

2. Plaintiff is GRANTED thirty days from the date of service of this order in which to file objections to the findings and recommendations issued on April 25, 2017.

IT IS SO ORDERED.

Dated:  **June 8, 2017**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE